De Forest C. Pitt, J.
Plaintiffs’ action seeks a declaratory judgment and permanent injunction and is predicated upon the assertion that article 71 of the CPLR must be struck down as unconstitutional for the reason that its provisions are violative of our rights to due process and equal protection afforded by the Fourteenth Amendment to our Constitution. The matter is before this court upon a motion for a preliminary injunction which if granted would restrain the defendant and those acting under its authority or direction, including specifically the Albany County Sheriff from further proceeding against the plaintiffs under the authority of the questioned statutes.
The underlying facts are both simple and familiar. The plaintiffs purchased goods from the defendant under a contract of conditional sale providing for installment payment, with the defendant reserving a security interest in the merchandise. Upon default in payment the defendant, in the exercise of his contract right, elected to declare the entire balance due immediately. Demand for payment was unrewarding as was demand for repossession of the merchandise. Accordingly, the • defendant turned to his statutory remedy of replevin under article 71 of the CPLR. This action ensued with the plaintiffs urging, in *308 the main, that article 71 serves the wealthy unequally to the economically deprived.
Assuming the inadequacy of other legal remedies and the existence of irreparable injury, which may well be arguable here, the court will pass on to what is felt to be the weighted issue to be determined in the exercise of its discretion in affording or denying the extraordinary relief requested. That is the question of whether or not the plaintiffs have shown to this court that they possess a clear right to the requested relief.
The defendant has reminded the court of the antiquity of the replevin remedy noting its codification in New York in the laws of 1788 and the time of its origin in England, 1267. (Statute of Marlborough, 52 Henry III, ch. 21.) It is urged that the sanctity of time having attached to the remedy the same must not now be lightly disposed of. This argument is but fortified by the strong presumption of constitutionality which, as the defendant notes, “ must be indulged in from the outset.” The considerations noted coupled with reflection upon the obviously extreme ultimate relief sought can cause the plaintiffs to be pictured as engaged in a vertical climb to a successful ultimate goal. So pictured the clear right to the relief sought is anywhere but present before the court at this juncture.
While the above may be sufficient to be dispositive of the motion the court is persuaded to proceed further with a discussion of the same, perhaps propelled by the literature of the times and undoubtedly affected by the diligence of the attorneys who have presented this court with excellent briefs supportive of their respective positions.
The plaintiffs have chosen to strongly rely upon the majority opinion in the case of Sniadach v. Family Finance Corp. of Bay View (395 U. S. 337 [1969]). Here the United States Supreme Court nullified the Wisconsin garnishment statute which allowed seizure of wages prior to the commencement of the creditor’s action. It is felt that irrespective of the plaintiffs’ argument to the contrary the rule of this case as the same involves due process is in no manner to be applied to the instant matter, or, for that matter, to article 71 itself, for the reason that both are easily distinguishable from the facts and statutory provisions considered therein by the Supreme Court.
Notably, article 71 requires that an action be commenced and that the replevin papers be served personally, if possible, upon the defendant. Even then the chattel is not immediately awarded to the plaintiff but is retained by the Sheriff for a period of three days, and the defendant is allowed an opportunity to reclaim the same during this period. With regard to notice and *309 opportunity to retain or regain possession of the chattel the subject statute actually provides the plaintiffs with more liberal treatment than the underlying contract of sale executed by them. More also than that reflected in section 9-503 of the Uniform Commercial Code.
Turning to the equal protection argument of the plaintiffs which centers upon the surety provision of CPLR 7102 (subd. [e]), it is felt that the same also is faulty. In civil matters the State cannot be constitutionally required to provide for the economic inequality of parties. Unlike criminal matters such controversies are private between the parties and typically do not involve the interests of the State. Here the State should provide the form and procedure and nothing more. To construe the Constitution otherwise would be, “ To read into the Constitution a philosophy of leveling that would be foreign to many of our basic concepts of proper relations between government and society. The State may have a moral obligation to eliminate the evils of poverty, but it is not required by the Equal Protection Clause to give to some whatever others can afford.” (Douglas v. California, dissenting opinion of Justice Harlan, 372 U. S. 353, 362.) Viewed in this light the court finds nothing unequal in a statute that requires one party to do nothing more than the other. (Plaintiff and defendant must each provide a bond.)
Finally, it must be noted that a careful reading of the Sniadach decision indicates that the same is inapplicable to the instant controversy upon its own wordage. Justice Douglas in his majority opinion noted (395 U. S. 337, 340, supra): “ A procedural rule that may satisfy due process for attachments in general ® * * does not necessarily satisfy procedural due process in every case # * * We deal here with wages — a specialized type of property presenting distinct problems in our economic system. ’ ’
The motion of the plaintiffs is accordingly denied.